Howard SCHROERLUCKE, Administrator of the Estate of Maude Mae Schroerlucke, Deceased, Appellant,

v.

McDANIEL FUNERAL HOME, Inc., Appellee.

Court of Appeals of Kentucky.

May 25, 1956.

W. Howard Clay, Louisville, for appellant.

Charles W. Porter, Walter R. King, Louisville, for appellee.

STEWART, Judge.

This action was initiated by one Maude Schroerlucke to recover $12,000 damages from appellee, defendant below, for injuries claimed to have been occasioned by the latter's negligent act. Subsequently, she died from a cause unrelated to her injuries and her son, Howard Schroerlucke, who was substituted as plaintiff, now appeals from a summary judgment rendered by the lower court in appellee's behalf.

At the time of the accident, October 18, 1952, appellee, a corporation engaged in the funeral business, was conducting a burial service for the original plaintiff's husband at the Seventh Day Adventist First Church at 1621 South Fourth Street in Louisville. For many years Maude Schroerlucke had suffered from an arthritic condition which required her to use a wheel chair to get about. The particular chair she was using was portable and collapsible, and . when opened, it had a mechanism underneath which, when fastened, held the chair erect.

On the day of the funeral, appellant requested one James Riley, an employee of appellee, to take the chair of his mother from the back porch of her residence, where appellant had placed it, to the church for her use while attending the funeral there. Appellant showed Riley how to collapse the chair and how to put it back together again; and he admonished Riley to be certain to check the chair in order that it would stay up. Riley testified he told appellant he would not collapse the chair but instead he would transport it in the back of appellee's large flower truck in its upright position. According to this witness, appellant departed and he, Riley, moved the chair as it had been set up and did not thereafter touch or tamper with its mechanism. Upon reaching the church he placed it near the entrance on the sidewalk. This was done, he indicated, approximately thirty minutes before the funeral party arrived.

Appellant testified the chair was not collapsed but was erect when he arrived at the church with his mother. The chair had to be lifted up a step before it could be pushed into the church, and appellant asked W. G. McDaniel, appellee's president, to do this for him. In complying with this request McDaniel merely picked up the chair and set it onto the next level. Appellant did not look at the mechanism of the chair to see whether it was fastened, but placed his mother, whom he was carrying, in the chair. It collapsed after he had pushed her about three feet. From this accident she suffered the injuries that gave rise to this action. Appellant stated he could not tell whether the mechanism had been fastened before the accident or not, but he added it was not broken.

H. L. Hacker, a witness for appellant, testified he saw a wheel chair at the scene of the accident leaning against one of the automobiles parked near by. He could not identify the car, saying: "I don't know

what kind it was, whether a family car or * * * a hearse or * * * a flower wagon, or what." Nor could he say whether the chair was the one belonging to Maude Schroerlucke. Other witnesses of appellant furnished no proof materially different from the facts already set forth.

It is appellant's contention the evidence we have recited was sufficient to warrant the application of the doctrine of *res ipsa loquitur*. It is insisted the fact of the accident under the circumstances established a prima facie case which required appellee to go forward with its proof, and the lower court's ruling that a case had not been made out and the granting of a summary judgment dismissing the complaint constitute reversible error.

9 Wigmore on Evidence (3rd Ed., 1940), Sec. 2509, pp. 380–384, declares that the following considerations should limit the application of the rule of *res ipsa loquitur:* "(1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

█ Under the same section of the above volume of Wigmore, there appears this statement in a footnote to page 391, taken from Springs v. Doll, 197 N.C. 240, 148 S.E. 251, which sets forth these instances where and when the plaintiff may not claim the benefit of the doctrine of *res ipsa loquitur:* ·

"'The principle does not apply (1) when all the facts causing the accident are known and testified to by the witnesses at the trial; (2) where more than one inference can be drawn from the evidence as to the cause of the injury; (3) where the existence of negligent default is not the more reasonable probability, and where the proof of the occurrence, without more, leaves the matter resting only in conjecture; (4) where it appears that the accident was due to a cause beyond the control of the defendant, such as the act of God or the wrongful or tortious act of a stranger; (5) when the instrumentality causing the injury is not under the exclusive control or management of the defendant; (6) where the injury results from accident as defined and contemplated by law.' "

█ Applying the pertinent limitations and exceptions of the rule, noted in the quoted excerpts, to the testimony, we find that neither inspection nor user of the wheel chair at the time of Maude Schroerlucke's injury was in the control of appellee. On the contrary, the chair was owned by appellant's intestate, it was under the intestate's and appellant's control at the time of the accident, and both of these parties had a full opportunity to examine it in order to ascertain any defective condition that might exist. As a matter of fact, appellant was so fully experienced in the mechanism of the chair, he was able to instruct one of appellee's employees in its operation. For this reason, and because of the fact that the ownership, control, and right of inspection of the chair were vested in appellant and his mother, they, and particularly appellant, were in a much more superior position, than was appellee, to explain the cause of the casualty.

█ The evidence in the record reflects that this was a rather large funeral, that Riley arrived with the wheel chair before the rest of the funeral procession, and that he placed the chair upon the sidewalk. It remained there for some time before Maude Schroerlucke was placed in it. During the period of time that the chair was upon the sidewalk, any number of others in attendance at the funeral could have moved the chair or tampered with it, either of which

acts could have caused it to collapse. Another principle of the doctrine of *res ipsa loquitur,* mentioned above, requires that the doctrine be applied only when the nature of the accident itself not only clearly supports the inference of negligence on the part of the defendant but excludes all other inferences that it might be due to one or more causes of which the defendant is not responsible. See also Herrin's Adm'x v. Jackson, Ky., 265 S.W.2d 775 on this point.

We conclude this is not a *res ipsa loquitur* case. It follows the lower court properly rendered summary judgment in favor of appellee.

Wherefore, the judgment is affirmed.