**VERKAMP CORPORATION OF KENTUCKY, Appellant,**

v.

**Sam HUBBARD et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

Viley O. Blackburn, Somerset, Kenton J. Cooper, Jamestown, Smith & Blackburn, Somerset, for appellant.

Leonard E. Wilson, Lilburn Phelps, Jamestown, Earl Huddleston, Columbia, for appellees.

WADDILL, Commissioner.

Sam Hubbard and Eula Hubbard, appellees, filed this action to recover the value of certain property which was damaged by fire allegedly caused by the negligence of the Verkamp Corporation of Kentucky, appellant herein. The appeal is prosecuted from a judgment entered on a verdict for $30,000.

In October, 1952, the appellees were the owners and operators of a furniture and appliance store in Russell Springs. Approximately 30 feet to the rear of the store was a wooden structure which appellees owned and used as a storage room. Another building which appellees owned and rented as apartments, was situated about 20 feet north of their store.

Appellees were also retail dealers of propane, commonly known as bottled gas, which they purchased from the appellant in 100 pound cylinders. These cylinders were kept on a platform located on the north end of the storage building.

On October 29, 1952, appellant's agent delivered 20 cylinders of propane to appellees' storage platform. Later that day appellees sold one of these cylinders to a customer.

On the following day one of appellees' tenants set fire to some trash which had accumulated behind the apartment house. The fire immediately spread to endanger appellees' buildings. The fire department arrived, but the water hose burst, causing a delay. Meanwhile, the fire had reached the storage building and the north side of this structure was aflame. When the fire was about 20 feet from the storage platform, one of the cylinders exploded, causing flaming gas to be expelled onto the roof of appellees' buildings. Other cylinders of gas exploded at intervals of a minute or so thereafter, until 13 cylinders had erupted. The fire continued to spread, resulting in the destruction of appellees' store and apartment building and their contents. Appellees instituted this action seeking damages against the appellant in the sum of $50,000 for the damage caused by the fire.

As we construe the pleadings, the alleged negligence of the appellant was the furnishing of gas-filled cylinders which were "unsafe, dangerous and defective" due to appellant's "failure to equip said gas containers with proper valves, as by law required."

The parties to this action stipulated that all cylinders in question were fabricated and tested in accordance with the Interstate Commerce Commission's regulations and were registered with the Bureau of Explosives; that each cylinder was manufactured and tested in accordance with the Kentucky regulations for the storage and handling of liquefied petroleum gases; and that the safety valves inserted in the cylinders were manufactured in accordance with the Interstate Commerce Commission's regulations and were tested and approved by Underwriter's Laboratories, Incorporated,

which met the requirements of the Kentucky regulations for the storage and handling of liquefied petroleum gases that were in force in 1951.

To establish their allegation of negligence, appellees introduced several experienced firemen who testified that cylinders of the type involved herein would not explode when their safety release valves were working properly. These witnesses further stated that when cylinders of gas were subjected to heat and their relief valves opened, the gas they contained would be released and no damage would result. Appellees place much significance on the testimony of E. W. Evans, a chemical engineer, who stated that when a cylinder had liquid in it, the refrigerant effect of volatilization of the liquid made it difficult, or impossible to explode when its safety release valve was working properly. However, he made an exception where an acetylene torch was applied to a cylinder, or where some highly unusual condition existed.

■ We recognize it was appellant's legal duty as a dealer in propane to equip the loaded cylinders of gas with safety valves which would operate in a manner adapted to the purpose for which they were intended to be used. The purpose of the valve was to release the gas from the cylinder to prevent the cylinder from exploding when it was subjected to abnormal heat. The gas in the cylinder was highly inflammable and was intended to be used as a fuel.

■ The first question that arises is whether appellees' injury was within the scope of the risk of the particular hazard which the safety valves were designed to protect. See, Prosser on Torts, 2nd Edition, Chapter 9, § 47, p. 252; Restatement of the Law, Torts, Chapter 12, § 281, p. 734; Green, Rationale of Proximate Cause, Chapter 1, pp. 2–43. This question is one which the court must decide, because the scope of the protection given appellees'

property under any principle of law must have a boundary or limit.

The risk protected by the safety valves was not from damage caused by fire but from the explosive propensities of the gas. The safety valves were neither designed nor required to prevent the ignition of the gas after it was released from the cylinders; had the valves operated properly, the gas would have been released from the cylinders, and would have ignited when subjected to fire.

■ Conceding that appellant may have been negligent in failing to equip the gas-filled cylinders with proper safety valves, yet we determine as a matter of law that appellees' property damage was not within the protection of the risk of such failure since the damage was caused by fire, not explosion.

■ What we have said heretofore disposes of this case, but assuming arguendo that the damage to the appellees' property was within the scope of the risk protected, the appellees are compelled to resort to a presumption of negligence under the res ipsa loquitur doctrine because the evidence was insufficient to prove specific negligence. However, an essential element of this doctrine is absent because the instrumentality which allegedly caused the damage was not within the exclusive control of the appellant. Schroerlucke v. McDaniel Funeral Home, Inc., Ky. 291 S.W.2d 6; Wallace v. Norris, 310 Ky. 424, 220 S.W.2d 967. Hence, appellees have failed to establish any legal theory of liability under which they could recover damages from the appellant.

■ Appellant moved for a directed verdict at the close of the case, and for judgment notwithstanding the verdict following rendition of the verdict. These motions were overruled. Since we conclude that the circuit court should have sustained appellant's motion for a directed verdict, we now direct the circuit court to enter a judg-

ment in appellant's favor notwithstanding the verdict. See, CR 50.02 and CR 50.03.

Wherefore, the judgment is reversed with directions to enter judgment in accordance with this opinion.

MOREMEN, J., dissents.

MONTGOMERY, J., not sitting.