Billy Joe HELTON and wife, Carol Delores Helton, and Billy Joe Helton, Guardian of Melissa Dawn Helton, an infant, Appellants,

v.

FOREST PARK BAPTIST CHURCH, and Edgar Mills, Lucian Thornton, Phil Dye, Jimmy Felts and Marvin Easley, Trustees of the Forest Park Baptist Church, Appellees.

Court of Appeals of Kentucky.

July 13, 1979.

Discretionary Review Denied
Nov. 27, 1979.

Stephen B. Catron, Reynolds, Catron & Johnston, Bowling Green, for appellants.

Joe B. Campbell, Campbell & Crandall, Reginald L. Ayers, Bell, Orr, Ayers & Moore, Bowling Green, for appellees.

Before COOPER, HOWERTON and GANT, JJ.

COOPER, Judge.

This is an appeal from a summary judgment in the Warren Circuit Court wherein the trial court sustained the defendants' motion for same as a matter of law.

It appears that the facts in this case are generally undisputed.

On February 1, 1976, Melissa Dawn Helton, the two and one-half year old daughter of the appellants, Billy Joe Helton and Carol Helton, sustained a severe injury to her right eye as a result of an accident that occurred at the Forest Park Baptist Church.

The evidence establishes that the infant-appellant was injured while on the appellees' premises. She and ten to twelve other children in her age category were occupying a nursery room at the Church while their parents attended religious services. They were being supervised by two adults whom appellants, Billy Joe Helton and Carol Helton, described as mature, responsible people. The nursery and all toys contained therein had been carefully examined by the nursery room coordinator, Marlene Wallace, a few days before this unfortunate incident. The toys in the nursery were in good working order and safe. All of the toys in the nursery were designed for use by children in that age group. None of the parties or witnesses knew of any dangerous or unsafe conditions existing in the nursery. The infant-appellant's parents testified that they did not observe any dangerous or unsafe condition or toy in the nursery when they delivered the infant on the morning of the accident. All of the attendants and nursery supervisors were volunteers. Usually, the volunteers consisted of parents whose children were in the nursery. Both appellants, Billy Joe and Carol Helton, had previously served as volunteer supervisors in this nursery.

It is undisputed that no one saw this accident occur. There are no witnesses who know: 1) what object or instrumentality injured the infant-appellant; 2) how long it had been in the nursery; 3) where it came from; or 4) how it found its way into the nursery. All of the toys, furniture and fixtures were examined after the incident, and no one could find any object which could have caused such an injury. Melissa Helton was first observed lying on the floor immediately after the injury occurred. Neither of the supervisors knew whether she had been struck in the eye by an object

while standing or whether she fell on some object on the floor. No one saw her fall and there were no toys or other dangerous conditions in the immediate vicinity of where she was lying when she was first observed.

In essence, the only thing established by the evidence is that an accident occurred on the appellees' premises which resulted in an injury to the infant-appellant's eye.

The appellants contend that their theory of recovery is based upon the doctrine of res ipsa loquitur, and not upon the theory of ordinary negligence.

The trial court concluded that the doctrine of res ipsa loquitur was not applicable and that the appellees were entitled to a summary judgment as a matter of law.

Two issues are presented to this Court as follows:

Whether the trial court erred in refusing to apply the doctrine of res ipsa loquitur to the allegations and evidence presented. Whether the trial court erred in sustaining the appellees' motion for summary judgment and in overruling the appellants' motion to vacate the findings of fact, conclusions of law and summary judgment.

■ To invoke the doctrine of res ipsa loquitur, three essential elements must be met: 1) the instrumentality must be under the control or management of the appellees; 2) the circumstances, according to common knowledge and experience, must create a clear inference that the accident would not have happened if the defendant had not been negligent; and 3) the infant-appellant's injury must have resulted from the accident. *See Commonwealth, Dept. of Highways v. Burchett,* Ky., 419 S.W.2d 577 (1967). In the present case, there is no evidence as to what the instrumentality was that caused the injury, and there is no evidence that it was under the control or management of the appellees. There is no evidence to establish, or from which it can be inferred, that the appellees or any of the appellees' volunteer servants caused or created such condition or that they knew or

should have known of the existence of such condition, object or instrumentality. Secondly, the circumstances testified to do not create any clear inference that the accident would not have happened if the appellees had not been negligent. *Cf. Herrin's Adm'x v. Jackson,* Ky., 265 S.W.2d 775 (1954). Under Kentucky law, the doctrine of res ipsa loquitur is inapplicable where the instrumentality producing the injury or damage is unknown or is not in the exclusive control of the defendant. *Hall v. E. I. Dupont DeNemours and Company,* 142 F.Supp. 737 (E.D.Ky.1956). Res ipsa loquitur applies only where the thing shown speaks of negligence of the defendant and not merely the occurrence of an accident. *Davies Flying Service, Inc. v. United States,* 114 F.Supp. 776 (W.D.Ky.1953), aff'd, 216 F.2d 104 (6th Cir. 1954). The doctrine does not apply where the existence of the negligent acts is not more reasonably probable and where the proof of occurrence, without more, leaves the matter resting only to conjecture. *Schroerlucke v. McDaniel Funeral Home, Inc.,* Ky., 291 S.W.2d 6 (1956).

■ Whether the infant Melissa Dawn Helton was a licensee or invitee is of little significance since the duties owed to her are essentially the same. *See Grimes v. Hettinger,* Ky.App., 566 S.W.2d 769 (1978). Negligence or a violation of those duties may not, however, be presumed but must be established by the evidence. *Mulberry v. Howard,* Ky., 457 S.W.2d 827 (1970). There is no evidence in this case which establishes negligence or from which a jury could reasonably infer negligence. *Cf. McAtee v. Holland Furnace Co.,* Ky., 252 S.W.2d 427 (1952); *Darnell v. Beard,* Ky., 296 S.W.2d 743 (1956).

A jury could only speculate, surmise or guess as to how Melissa's injury occurred, and for this reason the case is one to be decided by the court as a matter of law. *Hollon v. Greyhound Corp.,* Ky., 272 S.W.2d 329 (1954).

■ The appellee-Church was not an insurer of the infant's safety. *See Hannin v. Driver,* Ky., 394 S.W.2d 750 (1965); *Sands*

*v. Sears, Roebuck and Co.*, 438 F.2d 655 (6th Cir. 1971).

In view of the facts and law in this case, we would conclude that the trial court did not err in refusing to apply the doctrine of res ipsa loquitur and granting a summary judgment for the appellees.

The judgment is affirmed.

All concur.