Rebecca JOHNSON, Appellant,

v.

LONE STAR STEAKHOUSE & SALOON OF KENTUCKY, INC. Appellee.

No. 1998–CA–000831–MR.

Court of Appeals of Kentucky.

July 16, 1999.

Michael L. James, Louisville, for Appellant.

Donald L. Miller, II, Nancy B. Loucks, Brown, Todd & Heyburn, PLLC, Louisville, for Appellee.

Before: HUDDLESTON, JOHNSON and KNOPF Judges.

## OPINION

HUDDLESTON, Judge.

Rebecca Johnson was injured when she slipped on peanut shells while eating at a Louisville restaurant operated by Lone Star Steakhouse & Saloon of Kentucky, Inc. Johnson appeals from a summary judgment in which the trial court determined, as a matter of law, that she would be unable to prove that Lone Star breached a duty of care owed her.

On June 15, 1996, Johnson and her husband went to Lone Star for dinner. Lone Star provides peanuts to patrons who are permitted to toss shells onto the floor. Johnson waited in the restaurant's foyer for some two hours before she was seated at a table. After dinner, as she was leaving, Johnson slipped on peanut shells and sustained injuries to her left knee, hip and back.

In granting Lone Star's motion for summary judgment, the trial court determined that Johnson was an invitee to whom Lone Star was under a duty "... to use reasonable care to make the premises safe for [her] use." According to the court, it is undisputed that Johnson knew that Lone Star patrons toss peanut shells on the floor and the peanut shells, if a hazard, were an open and obvious one.

■ In reviewing a grant of summary judgment, we, like the circuit court, must consider the facts in the light most favorable to the non-moving party, in this case, Johnson. *Steelvest, Inc. v. Scansteel Service Ctr., Inc.,* Ky., 807 S.W.2d 476 (1991). Conscious of this requirement, we consider the salient facts giving rise to Johnson's complaint to determine whether Lone Star has established its right to judgment "with such clarity that there is no room left for controversy." *Id.* at 482.

■ "The duty owed by the person in possession of land to others whose presence might reasonably be anticipated, is the duty to exercise reasonable care in the circumstances." *Perry v. Williamson,* Ky., 824 S.W.2d 869, 875 (1992). A person is deemed to be an invitee if, "(1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land and (3) there is mutuality of benefit or benefit

to the owner." *Black's Law Dictionary* 827 (6th ed.1990).

 As a restaurant patron, Johnson was an invitee. Lone Star's duty to its invitees is to discover the existence of dangerous conditions on its premises and either correct them or warn of them. *Perry,* 824 S.W.2d at 875. However, as was said in *Bonn v. Sears, Roebuck & Co.,* Ky., 440 S.W.2d 526, 528 (1969):

> A possessor of business premises is not liable to his invitees for physical harm caused to them by any condition on the premises whose danger is known or obvious to them unless the possessor should anticipate the harm despite such knowledge or obviousness.

> Reasonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them.

In short, a possessor of business premises is not liable for injuries suffered by another person due to an open and obvious condition on the premises. *Corbin Motor Lodge v. Combs,* Ky., 740 S.W.2d 944, 946 (1987).

The trial court determined that Johnson was at Lone Star for around two hours before she fell and thus had ample time to view Lone Star's practice of allowing its patrons to toss peanut shells on the floor of the restaurant. The trial court correctly observed that peanut shells, if a hazard, were open and obvious. Consequently, Lone Star was not liable for Johnson's injuries attributable to an open and obvious condition on the premises.

Even given our strict summary judgment standard, we are persuaded that the trial court did not err by refusing to submit this case to a jury. Johnson concedes she was aware of the peanut shells and considered them a hazard. There was no breach of duty and no actionable negligence. *Penco, Inc. v. Detrex Chemical Industries, Inc.,* Ky.App., 672 S.W.2d 948, 951 (1984).

The judgment is affirmed.

ALL CONCUR.