Stella KLINGLESMITH, Appellant

v.

ESTATE OF Reba POTTINGER, Appellee.

No. 2013–CA–001737–MR.

Court of Appeals of Kentucky.

Sept. 12, 2014.

Davis W. Bullock, Louisville, KY, for Appellant.

Berlin Tsai, Louisville, KY, for Appellee.

Before CLAYTON, COMBS and STUMBO, Judges.

own requests in trial court, any error was    waived).

## OPINION

STUMBO, Judge:

Stella Klinglesmith appeals from an Order of the Jefferson Circuit Court dismissing via Summary Judgment her personal injury action against the Estate of Reba Pottinger. Klinglesmith contends that the court erred in concluding that the open and notorious doctrine barred her recovery, and that she would be unable to demonstrate causation if the matter proceeded to trial. She also argues that Summary Judgment was improperly rendered before she had the opportunity to disclose an expert witness. We find no error, and AFFIRM the Order on appeal.

On May 27, 2011, Klinglesmith arrived at the residence of Reba Pottinger to return a baking pan. On prior visits, Klinglesmith would approach a side door located in the garage in order to enter the house. However, on this occasion there were two cars in the driveway which obstructed Klinglesmith from using the side door. Because the cars obstructed her approach, Klinglesmith proceeded to walk up two steps to the front porch. While standing on the porch, she knocked on the front door. When no one answered, Klinglesmith bent down to place the baking pan by the door. She would later testify that when she stood up, she felt that she was going to fall over backwards. While she was able to avoid falling down the two steps, she did fall over the corner of the landing and injured her shoulder. Klinglesmith was transported to Norton Hospital and later underwent surgery to repair her shoulder.

Pottinger died sometime thereafter and the home was sold to a third-party. After Pottinger's death, Klinglesmith filed the instant negligence action against the Estate on April 19, 2012, alleging that Pottinger failed to keep the porch in a safe condition. Discovery was undertaken, and the Estate's initial Motion for Summary Judgment was denied after Klinglesmith produced photographs of the porch allegedly showing a crack in the concrete and an uneven surface.

After a trial date was set, Klinglesmith was granted additional time, until September 27, 2013, to disclose expert witnesses. On September 19, 2013, the Court granted the Estate's second Motion for Summary Judgment. As a basis for the Order granting Summary Judgment, the Court noted that Klinglesmith testified in her deposition that she did not observe any defect in the porch and was not sure why she fell. After discussing *Kentucky River Medical Center v. McIntosh,* 319 S.W.3d 385 (Ky.2010), and the exception to the open and obvious doctrine, the Court determined that Klinglesmith had over a year since the filing of this action to conduct discovery, and had not established that the condition of the porch was a substantial factor in causing her injury. The Court rendered Summary Judgment, and this appeal followed.

Klinglesmith now argues that the Jefferson Circuit Court erred in sustaining the Estate's Motion for Summary Judgment. She contends that the trial court improperly failed to conclude that *Shelton v. Kentucky Easter Seals Soc., Inc.,* 413 S.W.3d 901 (Ky.2013), modified *McIntosh, supra,* and that under the new analysis the open and obvious doctrine is no longer a bar to recovery. Specifically, Klinglesmith contends that under *Shelton,* an open and obvious condition does not eliminate a landowner's general duty to maintain premises in reasonably safe condition or the duty to warn of or eliminate unreasonably dangerous conditions, but, rather, is factor in determining whether landowner fulfilled his or her duty of care. Klinglesmith appears to contend that the Jefferson

Circuit Court erred in absolving the Estate of liability because the defect in the porch, if any, was open and obvious, when the Court should have regarded the open and obvious nature of the alleged defect as merely a factor in determining whether the Estate satisfied its duty of care. Additionally, Klinglesmith argues that the entry of Summary Judgment was premature because as of the entry date of the Order, she still had about one week remaining to produce an expert witness. In sum, Klinglesmith seeks an Order reversing the Summary Judgment and remanding the matter for a jury trial.

■ In a negligence action, the plaintiff must demonstrate that a duty was owed, that it was breached and that that breached caused injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky.2003). A landowner has a general duty to maintain the premises in a reasonably safe manner, and the scope of that duty is based on the status of the plaintiff. *Shelton*, 413 S.W.3d at 909. A person is characterized an invitee if: "(1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land and (3) there is mutuality of benefit or benefit to the owner." *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490, 491–492 (Ky.App.1999) (quoting *Black's Law Dictionary*, 827 (6th ed.1990))(internal quotation marks omitted).

The *Restatement (Second) of Torts* § 332 (1965) provides a definition of "invitee." ... Comment b and c discuss the fine distinction between an "invitation," which is necessary for an invitee, and "permission," which is given to a licensee, to enter a premises:

An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying others in believing that the possessor is willing that they shall enter if they desire to do so.

*Combs v. Georgetown College*, 2011 WL 3793410 (Ky.App.2011).

■ Conversely, a licensee is one whose presence upon land is solely for his own purpose, in which the possessor has no interest, either business or social, and to whom the privilege of entering the premises is extended as mere favor by express consent or by general or local custom. *Collins v. Rocky Knob Assocs., Inc.*, 911 S.W.2d 608, 612 (Ky.App.1995). The parties agree and the record so demonstrates that Klinglesmith was a licensee when she entered upon the parcel then owned by Pottinger. She cannot properly be characterized as an invitee in that she was not connected with the owner's business (as there was no business) nor did Klinglesmith engage in an activity of the type that the owner conducts or permits to be conducted on his land. *Johnson, supra.*

We need not enter into a protracted analysis of *McIntosh* and *Shelton*, as these cases address the somewhat evolving duty owed by possessors of land to invitees rather than licensees. Suffice it to say that the general principle espoused in *McIntosh*, and reiterated in *Shelton*, is that the open and obvious nature of a hazard does not necessarily absolve the possessor of liability as to an invitee. Rather, it is but one factor to be considered in determining whether the landowner or occupier satisfied his duty of care to the plaintiff. The *Shelton* Court determined that

an open-and-obvious condition does not eliminate a landowner's duty. Rather, in the event that the defendant is shielded from liability, it is because the defendant fulfilled its duty of care and

nothing further is required. The obviousness of the condition is a 'circumstance' to be factored under the standard of care.

*Shelton,* 413 S.W.3d at 911.

■ More relevant to the matter before us is the rule that a premises owner or occupant owes a duty to a licensee not to willfully or wantonly injure the licensee and to warn of dangerous conditions known by the owner/occupant. *Combs, supra.* Additionally, and as with all negligence claims, the plaintiff cannot prevail absent a showing that the duty was breached and that injury resulted. *Pathways, supra.* In sustaining the Estate's second Motion for Summary Judgment, the Jefferson Circuit Court determined that Klinglesmith could not prevail as to causation because Klinglesmith had offered no proof of causation. Said the Court,

> While Pottinger owned no duty to warn Klinglesmith regarding the condition of the porch, Klinglesmith had testified in her deposition that she is not sure what caused her to fall, and that she did not observe any defect to the porch, but that there must have been something wrong with it since she fell. Furthermore, she argues that since on prior visits to Pottinger's residence she was instructed to use another entrance other than the front door this is proof that Pottinger knew of a defect to the porch. A preference that guests use a particular entrance is not proof of a known hazard, nor is the fact a person fell in and of itself proof of a hazard. Klinglesmith has had over a year since the filing of this action to conduct discovery, and has not proffered anything more than the present arguments as proof. She has not established that the condition of the porch was a substantial

factor in causing her injury. *Pathways, supra,* at 92.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996).

■ When viewing the record in a light most favorable to Klinglesmith and resolving all doubts in her favor, we conclude that the Jefferson Circuit Court correctly found that there were no genuine issues as to any material fact and that the Estate was entitled to a judgment as a matter of law. The record supports Jefferson Circuit Court's conclusion that Klinglesmith did not offer any proof of causation during the 17 month pendency of the action below. Klinglesmith did not observe any defects in the porch either before or after falling, did not present expert testimony as

to any defect, and did not know why she fell other than to note that she felt an urge or compunction to fall after bending over to place the baking pan on the porch. Though the Court discussed *McIntosh* and other case law relating to duty, breach, and the question of whether any purported defect was open and obvious, it was upon the element of causation that the Court sustained the Estate's motion. We find no error in the Jefferson Circuit Court's conclusion that Klinglesmith could not prove the essential element of causation if the matter proceeded to trial; therefore, we find no basis for reversing the Order on appeal.

Klinglesmith also takes issues with the timing of the Order on appeal. She contends that that the Circuit Court erred in sustaining the Estate's Motion for Summary Judgment about ten days before the expiration of the extended period given to make a formal disclosure of expert witnesses. We find no error as to the timing of the Order on appeal. Klinglesmith filed the instant action on April 19, 2012, after which discovery commenced. On July 30, 2013, a Civil Jury Trial Order gave Klinglesmith 30 days to disclose expert witnesses. Prior to the expiration of that period, she sought and obtained an additional 30 days. It was near the end of this additional period that the Estate's Motion for Summary Judgment was granted.

Klinglesmith did not disclose any expert witnesses despite ample opportunity to do so. Even so, it was not the absence of expert testimony but rather Klinglesmith's inability to articulate how or why she fell that formed the basis for the Summary Judgment. That is to say, even if an expert were to testify as to the presence of a defect, Klinglesmith repeatedly stated in her deposition that she did not know what caused her to fall. Rather, she suggested that because she fell, and since Pottinger had previously asked her to use the garage door, something must be wrong with the porch. Summary Judgment was not rendered because of the failure to disclose expert witnesses, but because Klinglesmith was unable to prove the essential element of causation. We find no error.

For the foregoing reasons, we AFFIRM the Order of the Jefferson Circuit Court sustaining the Estate's Motion for Summary Judgment.

ALL CONCUR.