RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1357-MR

JOLEAN FUGATE                                                        APPELLANT

v.
APPEAL FROM LETCHER CIRCUIT COURT
HONORABLE JAMES W. CRAFT, II, JUDGE
ACTION NO. 19-CI-00288

WALMART INC. AND KEVIN RICE                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Jolean Fugate ("Fugate") appeals from the Letcher Circuit Court's order granting summary judgment in favor of Walmart Inc. ("Walmart") and Kevin Rice ("Rice"). Based on our review, finding no error, we affirm.

On October 18, 2019, Fugate filed a personal injury complaint against Walmart and Rice alleging their negligence created a dangerous condition in the store. On Thanksgiving Day, November 22, 2018, Fugate was standing in the

checkout line with her daughter and eight-year-old grandson. Fugate's grandson said he needed to use the bathroom, so Fugate walked him toward the bathroom while her daughter remained in the checkout line. The store was crowded, and although there were multiple paths to the bathroom, Fugate attempted to walk through a two-and-a-half-foot gap between a square post and a shelving unit. A red fire extinguisher was attached to the post, which was in her line of sight.

Fugate steered her grandson through the gap. As she attempted to walk through the gap, Fugate believes she tapped the fire extinguisher with her shoulder before it fell. The fire extinguisher struck the back of her leg and then landed on the floor.

In her deposition, Fugate testified the fire extinguisher was secured to the post, and she did not know how it was secured to the post on the date of her injury. She did not provide any evidence of whether the mechanism securing the fire extinguisher to the post was defective, nor did she observe any problem with the support post to which the extinguisher was attached. Fugate did not disclose any expert witness or depose any Walmart employees.

Walmart and Rice moved for summary judgment. The circuit court held several hearings and took the matter under submission. Both parties submitted memorandum orders as requested.

On September 21, 2021, the circuit court granted summary judgment finding Fugate's claim lacked any genuine issue of material fact. Fugate could not prove breach because she had no evidence that a dangerous condition existed on Walmart's premises, and she could not prove causation because she had no proof any act or omission of Walmart caused her accident.

Fugate filed two motions to set aside the judgment. Walmart and Rice responded, and the circuit court held a hearing. The circuit court denied the motions. This appeal followed.

On appeal, Fugate argues the circuit court erred in granting Walmart and Rice's motion for summary judgment because she established genuine issues of material fact under the (1) traditional negligence standard or (2) burden-shifting approach in *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003).

"Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists. So, we operate under a de novo standard of review[.]" *Adams v. Sietsema*, 533 S.W.3d 172, 177 (Ky. 2017) (quoting *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013)).

First, Fugate argues she established genuine issues of material fact to survive summary judgment under the traditional negligence standard. "The elements of a negligence claim are (1) a legally-cognizable duty, (2) a breach of

that duty, (3) causation linking the breach to an injury, and (4) damages." *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016) (citation omitted).

In this case, the circuit court held Fugate failed to prove breach and causation. Breach requires proof of any "unsafe . . . condition causing her fall." *Phelps v. Bluegrass Hosp. Management, LLC*, 630 S.W.3d 623, 629 (Ky. 2021). In *Phelps*, the plaintiff alleged a restaurant breached its duty of care owed to her when "she slipped on a waxy substance constituting a hazard, but she produced no evidence to establish the existence of any such hazardous condition." *Id*. The plaintiff "offered no tangible proof of a waxy substance and no expert testimony to establish [the restaurant's] breach of any duty. Her case relies entirely on conjecture." *Id.* Our Supreme Court held the plaintiff failed to prove the restaurant breached any duty owed to her. *Id.*

Here, Fugate fails to establish Walmart breached any duty owed to her. Fugate alleges the fire extinguisher was not properly secured to the post. However, it did not fall until she bumped it with her shoulder. She observed no defect with the fire extinguisher, how it was secured to the post, or the post itself. The fire extinguisher was bright red and was not hidden from her view. Fugate presented no other evidence or testimony to prove any unsafe condition causing her fall. Her claim is speculative. "[T]he party opposing summary judgment

-4-

cannot rely on their own claims or arguments without offering significant evidence." *Id.* (citation omitted).

Likewise, Fugate failed to prove causation. "Causation consists of two distinct components: 'but-for' causation, also referred to as causation in fact, and proximate causation." *Patton*, 529 S.W.3d at 730. First, "[b]ut-for causation requires the existence of a direct, distinct, and identifiable nexus between the defendant's breach of duty (negligence) and the plaintiff's damages such that the event would not have occurred 'but for' the defendant's negligent or wrongful conduct in breach of a duty." *Id.* Second, "[pr]roximate causation captures the notion that, although conduct in breach of an established duty may be an actual but-for cause of the plaintiffs['] damages, it is nevertheless too attenuated from the damages in time, place, or foreseeability to reasonably impose liability upon the defendant." *Id.* at 731.

In *Klinglesmith v. Estate of Pottinger*, 445 S.W.3d 565 (Ky. App. 2014), the plaintiff fell over the corner of the defendant's front porch landing and injured her shoulder. *Id.* at 566. The plaintiff alleged the concrete floor of the porch was uneven and cracked. *Id.* The circuit court granted summary judgment because the plaintiff offered no proof of causation. The plaintiff "testified in her deposition that she is not sure what caused her to fall, and that she did not observe any defect to the porch, but that there must have been something wrong with it

since she fell." *Id.* at 568. The circuit court found the plaintiff only presented her own arguments as proof and failed to establish "the condition of the porch was a substantial factor in causing her injury." *Id.*

Here, Fugate failed to present any evidence beyond her own opinion that Walmart's alleged negligence caused her injury. Although Fugate argues the fire extinguisher was not properly secured to the post, she did not depose any Walmart employee or expert witness to prove Walmart's acts or omissions were a substantial factor in causing her injury. The only factor Fugate knows caused the fire extinguisher to fall was her shoulder bumping into it. Thus, the circuit court correctly granted summary judgment.

Second, Fugate argues she established genuine issues of material fact to survive summary judgment under the burden-shifting approach to negligence claims. In *Lanier*, 99 S.W.3d at 437, the Supreme Court of Kentucky adopted a burden-shifting approach for proving negligence in premises liability cases. The burden-shifting approach "impose[s] a rebuttable presumption that shifts the burden of proving the absence of negligence, *i.e.*, the exercise of reasonable care, to the party who invited the injured customer to its business premises." *Id.* Under this approach, the plaintiff retains the initial burden of proving:

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of

-6-

the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees. Such proof creates a rebuttable presumption sufficient to avoid a summary judgment or directed verdict, and "shifts the burden of proving the absence of negligence, *i.e.*, the exercise of reasonable care, to the party who invited the injured customer to its business premises."

*Bartley v. Educational Training Systems, Inc.*, 134 S.W.3d 612, 616 (Ky. 2004).

Fugate failed to meet her initial burden of proof for the burden to shift to Walmart to prove the absence of negligence. Above, we held Fugate failed to prove there was a dangerous condition on Walmart's premises. She also failed to prove the falling fire extinguisher was caused by anything but her own conduct. Further, she failed to prove the alleged dangerous condition rendered Walmart's premises unsafe for the use of business invitees. As such, the circuit court properly granted summary judgment.

For the foregoing reasons, we affirm the judgment of the Letcher Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Michael A. Johnson
Justin W. Noble
Hazard, Kentucky

BRIEF FOR APPELLEES:

Thomas E. Stevens
Louisville, Kentucky