RENDERED: JUNE 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0614-MR

WILMA STEPP                                                                          APPELLANT

v.                          APPEAL FROM CLAY CIRCUIT COURT
                            HONORABLE OSCAR G. HOUSE, JUDGE
                            ACTION NO. 14-CI-00224

MEMORIAL HOSPITAL, INC., D/B/A
WILLOWBROOK WOMEN'S CENTER
AND FAMILY PRACTICE, INC.                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Wilma Stepp brings this appeal from a September 18, 2019, order of the Clay Circuit Court granting summary judgment and dismissing Stepp's premises liability action against Memorial Hospital, Inc., d/b/a Willowbrook Women's Center and Family Practice, Inc. (Memorial Hospital).  We affirm.

The underlying facts are rather straightforward. On the morning of August 8, 2013, Wilma and her husband, Kenneth Stepp,[1] went to the medical office building of Willowbrook Women's Center and Family Practice. It is uncontroverted that Wilma and Kenneth visited the premises for the express purpose of taking photographs of the outside of the medical office building. Apparently, Stepp's mother had previously fallen there and had been injured. After taking the photographs, Wilma was walking down the steps of the office building, when she slipped and fell, resulting in a broken leg.

As a result, on August 5, 2014, Wilma filed a complaint in the Clay Circuit Court against Memorial Hospital. She filed an amended complaint on August 8, 2014. In the complaint, as amended, Wilma asserted that she was an invitee on the business premises at the time of her injury, that Memorial Hospital was negligent in maintaining the premises, and such negligence caused her fall. Wilma asserted claims for damages for pain and suffering and physical injuries. Memorial Hospital answered the complaint and generally denied any negligence.

In April of 2018, Memorial Hospital filed a motion for summary judgment. Therein, Memorial Hospital argued that Wilma was on the medical office premises without express or implied invitation. Memorial Hospital claimed

_____

[1] Kenneth Stepp is an attorney and is representing his wife, Wilma Stepp, on appeal and before the circuit court.

that Wilma's sole purpose was to take photographs, and her presence there was not related to its business. As a result, Memorial Hospital maintained that Wilma was a trespasser at the time of her fall. As a trespasser, Memorial Hospital argued that it could only be liable for injuries intentionally inflicted upon Wilma, which undisputedly did not occur.

Wilma filed a response and pointed out that the steps to the office building did not have "yellow stripes, black stripes, or other painting," thereby rendering the steps unsafe and dangerous.

By order entered September 18, 2019, the circuit court granted Memorial Hospital's motion for summary judgment and dismissed Wilma's premises liability action. It reasoned:

> This Court finds that [Wilma] was a trespasser onto Memorial Hospital's property, and therefore, liability is precluded by statute under the facts of this case. Further, even if [Wilma] were not a trespasser, Memorial Hospital breached no duty to her, as the subject set of stairs are not unreasonably dangerous. Accordingly, Memorial Hospital is entitled to summary judgment and dismissal of all claims against it.

September 18, 2019, Order Granting Summary Judgment at 1.

Thereafter, on September 24, 2019, Wilma filed a motion to alter, amend or vacate the summary judgment. In the multiple pleadings and memoranda that Wilma would file in the days and months after filing the motion, she argued that she was not a trespasser as the stairs were open to the public. Wilma also

submitted various building codes as to stairs, submitted multiple affidavits and pictures taken at a local zoo, and also filed an expert report authored by an architect. In addition, she also served additional requests for interrogatories and document production requests.

The circuit court ultimately denied Wilma's motion to vacate by order entered May 10, 2022. The court reiterated that Wilma was a trespasser at the time of her fall and that the stairs were not unreasonably dangerous. This appeal follows.

Wilma contends that the circuit court erred by rendering summary judgment dismissing her premises liability action against Memorial Hospital.

To begin, summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). All facts and inferences therefrom are viewed in a light most favorable to the nonmoving party. And, our review of summary judgment is always *de novo*. *Seiller Waterman, LLC v. Bardstown Cap. Corp.*, 643 S.W.3d 68, 74 (Ky. 2022); *Cunningham v. Kroger Ltd. P'ship I*, 651 S.W.3d 199, 202 (Ky. App. 2022).

Wilma asserts that the circuit court erroneously determined that she was a trespasser at the time of her fall. For the following reasons, we agree.

-4-

In Kentucky, an individual who enters upon the real property of another is classified as either an invitee, licensee, or trespasser. *Carney v. Galt*, 517 S.W.3d 507, 511 (Ky. App. 2017). An invitee is one who "enters upon the premises at the express or implied invitation of the owner or occupant on behalf of mutual interest to them both, or in connection with the business of the owner or occupant." *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 909 (Ky. 2013). A licensee is one "whose presence upon land is solely for his own purpose, in which the possessor has no interest, either business or social, and to whom the privilege of entering the premises is extended as mere favor by express consent or by general or local custom." *Klinglesmith v. Estate of Pottinger*, 445 S.W.3d 565, 567 (Ky. App. 2014) (citation omitted). Finally, a trespasser is one who enters property without permission, consent, or legal right to do so. Kentucky Revised Statutes (KRS) 381.231; *Howard v. Spradlin*, 562 S.W.3d 281, 285 (Ky. App. 2018); *Carney*, 517 S.W.3d at 511. As to summary judgment, the determination of whether an individual is an invitee, licensee, or trespasser presents an issue of law if the material facts are undisputed. *City of Barbourville v. Hoskins*, 655 S.W.3d 137, 141 (Ky. 2022). If the material facts are disputed, such facts must be submitted to a jury. *Carney*, 517 S.W.3d at 512.

In this case, the material facts are undisputed. On the day of her fall, Wilma had entered upon the front porch of the medical office building for the sole

-5-

purpose of taking photographs related to her mother's fall days earlier. It is clear that Memorial Hospital did not grant Wilma express permission or consent to do so. In fact, Wilma entered upon the front porch before the medical clinic operating in the building opened for business.

From the above uncontroverted facts, Wilma would not qualify as an invitee as her entry was neither connected to Memorial Hospital's business nor for the mutual benefit of Memorial Hospital and Wilma. Rather, Wilma qualifies as a licensee as her entry was for her own benefit and the exterior steps and front porch of the building were freely open to and customarily accessible by the public. For these reasons, Wilma is not a trespasser. However, our inquiry does not end here.

As to a licensee, the possessor of land owes the licensee "a duty . . . to [not] willfully or wantonly injure the licensee and to warn of dangerous conditions known by the" possessor. *Klinglesmith*, 445 S.W.3d at 568. To prevail, the licensee must demonstrate that the possessor breached the duty of care and that such breach, in fact, caused his injury. *Id.* It must be emphasized that speculation as to the cause of an injury is simply insufficient:

> [n]either courts nor juries are authorized to indulge in
> speculation or guesswork as to the cause of accidents;
> there must be some tangible evidence from which it may
> be fairly said what brought about the accident. It has long
> been the rule in this state that no recovery can be had in
> such cases where the evidence is so unsatisfactory as to
> require surmise or speculation as to how the injury

-6-

occurred, and that there will be no presumption of negligence.

*Phelps v. Bluegrass Hosp. Mgmt., LLC*, 630 S.W.3d 623, 628-29 (Ky. 2021) (quoting *Weidekamp's Adm'x v. Louisville & N.R. Co.*, 167 S.W. 882, 884 (1914)).

In this case, Wilma asserted the steps were dangerous because there were "no safety markers in the form of yellow stripes, black stripes, or other painting" on the steps. May 2, 2018, response to summary judgment at 2. Although not specifically argued, Wilma is generally alleging that the lack of a painted stripe on each step caused her to fall and to suffer injury. However, Wilma testified as to the specifics of her fall in her deposition:

> Q    Okay.  You looked at the step as you put your foot on to it?
>
> A    Yeah.
>
> Q    Okay.  And your foot just twisted?
>
> A    Yeah, I hit –
>
> Q    Okay.
>
> A    --the step and it –
>
> Q    Got it.
>
> A    --caused me to fall on the concrete.

Wilma's Deposition at 102.  Thus, Wilma stated that she saw the step before her fall and that her foot twisted causing her to fall.  As Wilma visualized the step

before her fall, it does not appear that the lack of a paint stripe on the step was a factor in her fall. Rather, Wilma simply failed to negotiate the step which facilitated her fall.

After entry of summary judgment, Wilma filed a motion to vacate under Kentucky Rules of Civil Procedure 59.05, and thereafter, as noted, she filed the affidavit of an expert witness, other affidavits by her, and numerous memoranda. The law is clear that a motion to vacate cannot be utilized "'to introduce evidence that should have been presented during the proceedings before the entry of the judgment.'" *Buridi v. Leasing Group Pool II, LLC*, 447 S.W.3d 157, 177 (Ky. App. 2014) (quoting *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005)). Therefore, any facts or evidence filed in the record after entry of summary judgment may not be considered.

While in recent years the Kentucky Supreme Court has moved away from the open-and-obvious doctrine where landowners or possessors of land could not be held liable to invitees or licensees who were injured by an open-and-obvious hazard, the Court nonetheless has not closed the door to summary judgment in those cases. *Shelton*, 413 S.W.3d at 916. If it is unreasonable for a jury to find breach or causation, summary judgment is still available. *Id.* There is no evidence in the record below that the steps were negligently maintained or defectively

designed. Accordingly, there is no evidence to support a breach of duty owed to Wilma by Memorial Hospital.

In summation, we believe Wilma failed to present facts to establish that a dangerous condition of the steps caused her to fall. Instead, Wilma presented mere conjecture and speculation, which is insufficient to withstand summary judgment. *See Phelps*, 630 S.W.3d at 628.

We view any remaining contentions of error as moot or without merit.[2]

For the foregoing reasons the order of the Clay Circuit Court granting summary judgment in favor of Memorial Hospital is affirmed.

ALL CONCUR.

---

[2] Wilma also advocates for abrogation of the legal distinction between an invitee, licensee, and trespasser. However, those distinctions are valid and well-established in the common-law of this Commonwealth. *See City of Barbourville v. Hoskins*, 655 S.W.3d 137, 141 (Ky. 2022); *Carney v. Galt*, 517 S.W.3d 507, 511 (Ky. App. 2017). Until the Kentucky Supreme Court directs otherwise, this Court is duty bound to follow those precedents.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Kenneth S. Stepp
Manchester, Kentucky

BRIEF FOR APPELLEE:

Joseph M. Effinger
Ryan D. Nafzinger
Matthew A. Piekarski
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Matthew A. Piekarski
Louisville, Kentucky