George R. O'BRYAN, Appellant/Cross–
Appellee,

v.

Dwight V. CAVE, Appellee/Cross–
Appellant.

No. 2005–SC–000118–DG,
2004–SC–000407–DG.

Supreme Court of Kentucky.

Sept. 21, 2006.

Eugene L. Mosley, Mosley, Sauer & Townes, PLLC, Michael Thomas Underwood, Mosley, Sauer & Townes, PLLC, Louisville, Counsel for Appellant.

David S. Sprawls, UAW–Ford Legal Services Plan, Melissa L. Rodden, UAW–Ford Legal Services Plan, Louisville, Counsel for Appellee.

## OPINION

SCOTT, Justice.

Appellant, George R. O'Bryan, appeals from a judgment of the Court of Appeals, which reversed the judgment of the Jefferson Circuit Court and remanded the summary judgment entered therein. The Jefferson Circuit Court had held, inter alia, that beneficiaries of a will, prepared by O'Bryan at his client's request, failed to offer any proof to refute the defendant attorney's testimony that he advised the client of the possibility that his surviving wife may renounce the will. Finding that summary judgment was appropriate in this instance and for the reasons set forth herein, we reverse the judgment of the Court of Appeals and reinstate the judgment of the Jefferson Circuit Court with regard to the motion for summary judgment.

## FACTS

In July 1997, Claude Cave ("Claude") and his wife of fifteen years, Doris, met with Appellant, George R. O'Bryan, an attorney, in regard to a will and a deed. This July meeting was the first of only two meetings between Claude and O'Bryan. During the initial meeting, Claude requested that O'Bryan prepare a will and a deed, which would give Doris a joint interest with the right of survivorship in Claude's home in Louisville, Kentucky. O'Bryan contends that he advised Claude that execution of the deed with the right of survivorship would cause the property to pass directly to Doris without having to go through the will, and thus, Doris could later renounce her interest in the will and take other interests there under pursuant to her dower rights. According to O'Bryan's testimony, Claude acknowledged this advice, but insisted that O'Bryan go ahead and draw both the will and deed because he wanted there to be no question concerning Doris's ownership of the home when he died.

A month later, on August 12, 1997, Claude returned to O'Bryan's office and executed the deed and will prepared by O'Bryan at Claude's request. On its face, the deed set forth Claude's "love and affection" for Doris as consideration for the survivorship interest in his home. Claude also executed the will, which devised and bequeathed all of his real estate to Doris, but the residuary of his estate to his sisters, Dorothy Ming, Della Burress and Dora Landrum, and his nephews, Leroy Kilby and the Appellee, Dwight Cave, "to be divided equally among them, to share and share alike."

Claude died in August 1999, and on August 30, 1999, the will was submitted to probate. Doris, however, on January 28, 2000, executed and recorded a release under KRS 392.080, renouncing her interest in Claude's will and claiming her dower interest. O'Bryan claims he never represented Doris, nor advised her of her renunciation right. O'Bryan did, however, prepare the renunciation.

On October 10, 2002, Cave filed a legal malpractice suit against O'Bryan, alleging that O'Bryan was negligent in drafting the will and deed in that the conveyance created the opportunity to thwart the stated intention of the will. In support of his complaint, Cave asserted that O'Bryan failed to advise Claude of Doris's right to renounce the will and the effect of the survivorship deed, the results of which Cave claims deprived him of approximately $14,000.

O'Bryan then filed a motion for summary judgment on July 17, 2002, arguing that (1) the record contained no evidence of any failure on his part to advise Claude of Doris's possible renunciation rights, and (2) that Cave provided no expert testimony

that O'Bryan breached any standard of care. In fact, in granting O'Bryan's motion for summary judgment, the Jefferson Circuit Court found, in pertinent part, that Cave presented no evidence to refute O'Bryan's assertion that he gave such advice but it was ignored. Cave's motion to set aside the summary judgment was denied by the trial court, and he subsequently appealed to the Court of Appeals.

In its opinion, the Court of Appeals, believing that the facts of the transactions themselves provided sufficient circumstantial evidence to create a material issue of fact as to whether the appropriate advice was given, reversed the circuit court, despite the fact that the Cave was unable to produce any direct evidence in support of his claim that O'Bryan did not advise Claude of the fact that Doris could renounce the will. We granted O'Bryan's motion for discretionary review to address his claims of error by the Court of Appeals. We now reverse the Court of Appeals.

### ANALYSIS

Although O'Bryan alleges several errors on the part of the Court of Appeals, we find only one dispositive of this case, *viz.*: whether summary judgment was appropriate in this instance. We find it was.

■ The standard for summary judgments in Kentucky is well-known. Summary judgment is appropriate when " 'as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.' " *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 483 (Ky.1991) (quoting *Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255, 256 (Ky.1985)). In using the word "impossible" in *Steelvest*, we have acknowledged that it "is used in a practical sense, not in an absolute sense." *Perkins*

*v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992). Furthermore, the party opposing summary judgment "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Steelvest*, 807 S.W.2d at 481 (internal quotations omitted) (citation omitted).

■ This Court has noted that if litigants do indeed have valid issues to try, we will not deny them the right of trial merely for expediency and efficiency. *Id.* at 483. However, this Court has also recognized that "the original purpose of summary judgment procedure is to expedite the disposition of cases and to avoid unnecessary trials *where no genuine issues of material fact are raised*." *Id.* at 482 (emphasis added) (citations omitted). We acknowledge that the burden is on the movant to convince the court, by evidence of record, of the absence of any genuine issues of material fact.

■ In this case, Cave's only support for his complaint before the trial court was the mere supposition, based upon the failed estate plan due to Doris's renunciation, that O'Bryan did not advise Claude of the possibility that Doris could renounce her interest in the will under KRS 392.080. Yet, O'Bryan testified that he did advise Claude of the risks involved in creating a deed with joint survivorship in light of Claude's bequest to Doris and others, including Cave, in his will. O'Bryan has aptly noted that, other than this supposition, Cave has not produced any evidence to otherwise support his claim of negligence.

In reversing the circuit court's granting of the summary judgment, the Court of Appeals obviously believed that all that was necessary to create an issue of materi-

al fact was simply the notion that no attorney would have drafted the deed, inconsistent as it was with the plan under the will once Doris effected the renunciation, without first consulting his client. However, the fact that an attorney drafts a deed that becomes inconsistent with a will is as much evidence that the client was informed but opted to forego the advice because of the priority of his own desires, as it is that he was not so informed. To conclude otherwise would be sheer speculation and, without other evidence, would be insufficient. This Court has often stated that "speculation and supposition are insufficient to justify a submission of a case to the jury, and that the question should be taken from the jury when the evidence is so unsatisfactory as to require a resort to surmise and speculation." *Chesapeake & Ohio Ry. Co. v. Yates,* 239 S.W.2d 953, 955 (Ky.1951).

Cave's testimony before the trial court indicated that not only was he not present when O'Bryan consulted with Claude, but that he also did not know the substance of the conversation. Indeed, during oral argument, Cave insisted that the will spoke for itself as the only evidence needed to overcome O'Bryan's motion for summary judgment.

Furthermore, we note the Court of Appeals was likewise pressed to find any evidence in the record to support Cave's claims. The court opined, for example, that Cave would have an expert witness testify as to the standard of care owed by attorneys in estate planning, the consequences of joint ownership of real property with the right of survivorship, and the risk that a spouse may renounce a will. Further, the court states that O'Bryan "seems to argue that he only prepared the documents" or was "merely the scrivener of documents who acted at the direction of a client." However, none of these examples could be considered in support of Cave's

claims of negligence or in opposing a motion for summary judgment, as the former refers to the appropriate legal standard without evidence of a breach of such duty, while the latter merely refers to O'Bryan's testimony without acknowledgment of the fact that he testified he gave the advice. Moreover, the Court of Appeals agrees that the estate plan expressed in Claude's will was ultimately frustrated by Doris.

Finally, the Court of Appeals notes that Cave was never given the opportunity to depose Doris. However, the record reveals that O'Bryan offered to give Cave's counsel Doris's address. Foregoing the opportunity to take a deposition of a witness could hardly be considered to support an argument opposing a motion for summary judgment.

Simply stated, O'Bryan met his burden of proving the absence of genuine issues of material fact, despite the Court of Appeals' characterization of O'Bryan's proof as "self-serving." Cave, on the other hand, failed to produce any evidence, except speculation, upon which the trier of fact might reasonably find judgment in his favor.

## CONCLUSION

Accordingly, and for the reasons expressed herein, we reverse the judgment of the Court of Appeals and hold that summary judgment was appropriate in this case.

All concur.