CLAY, Circuit Judge.
In this negligence case, Plaintiff James Denney appeals from the district court’s grant of summary judgment in favor of Defendant Steak N Shake Operations, Inc. We REVERSE and REMAND for trial.[1]
BACKGROUND
On October 26, 2010, Plaintiff and his wife accompanied their 13-year-old daughter to a doctor’s appointment at a hospital in Louisville, Kentucky. Tornados were sweeping through the area, so Plaintiff and his family had to shelter in the hospital basement for several hours before they could see the doctor. As they drove home from the hospital, Plaintiff pulled off the highway to find a bathroom he could use. Plaintiff spotted a Steak N Shake restaurant and the family decided to get some *486 thing to eat after Plaintiff had used the restaurant’s bathroom.
The floor of the Steak N Shake restaurant — at least the areas open to the public — is all covered in the same red, black, and white tiling. Despite the storms outside, no water appeared to have been tracked onto the restaurant’s floor. Nor was there any debris observed on the floor en route to the bathroom. Nonetheless, as Plaintiff pushed on the bathroom door, his left foot slid a few inches to the left and his knee “tweaked out of place.” (R. 25-2, Pl.’s Dep., at 158.) Plaintiff did not fall and no one observed the incident. Once Plaintiff tweaked his knee, he noticed that the floor was slick — “just as slick as a skating rink,” he testified. (Id. at 159.) But nothing seemed distinguishable about that area of the floor. According to Plaintiff, the entire restaurant had an unusually slippery floor. Plaintiff testified that he saw an older gentleman who “couldn’t even hardly walk” on the slick floors. (Id.) He also testified that “[e]ven the waitresses [were] skating around, you could see them slipping and sliding.” (Id. at 159-60.)
After tweaking his knee, Plaintiff rejoined his family in the restaurant for their meal. Plaintiff spoke to his waitress about the slippery floors. Although Plaintiff did not recall the conversation in detail, he testified that “I think I remember her agreeing with me about, you know, it’s like that all the time.” (R. 26-1, PL’s Dep., at 185.) At some point during their meal, the restaurant manager approached their table and introduced himself. Plaintiff told the manager that he had slipped opening the bathroom floor and that his knee was hurting. The manager offered to take Plaintiffs contact information to fill out an incident report, then went to inspect the floor where Plaintiff had slipped. The manager claimed he did not see any dampness or debris on the floor and no Steak N Shake employee took any corrective action in response to Plaintiffs complaint — as the manager testified, “[t]here was nothing, really, to take care of.” (R. 25-3, Stahl Dep., at 170.)
Plaintiff claims that he suffered a serious knee injury as a result of his visit to Steak N Shake. It was not the first time Plaintiff had knee problems. Plaintiff had surgery to repair the ACL in his left knee in approximately 1990. Subsequent to the incident at the Steak N Shake in October 2010, a scan taken of Plaintiffs left knee in December 2010 revealed an ACL tear. In December 2012, Plaintiff underwent another surgery on his left knee to replace his torn ACL.
In October 2011, Plaintiff filed suit in Kentucky state court, asserting just one claim for negligence. Defendant timely removed. After discovery, Defendant moved for summary judgment solely on the basis that Plaintiff had not met his burden of showing that the restaurant floor was in an unreasonably dangerous state. The district court granted this motion in February 2013. Plaintiff timely filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure, asking the court to amend its judgment to correct clear legal error and avoid manifest injustice. The district court denied this motion and Plaintiff timely appealed.
DISCUSSION
We review de novo a district court’s grant of summary judgment. See, e.g., Binay v. Bettendorf, 601 F.3d 640, 646 (6th Cir.2010). Summary judgment is appropriate “if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a). Provided that the parties have had adequate time for discovery, a party in Defendant’s position may move for summary *487 judgment by asserting that the nonmoving party will be unable to present evidence supporting his claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). At that point, the burden shifts to the nonmovant to introduce specific facts that demonstrate the existence of a genuine issue precluding summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The facts that are introduced in connection with a motion for summary judgment must be construed in the light most favorable to Plaintiff as the nonmovant. See Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., 395 F.3d 338, 342 (6th Cir.2005).
Plaintiff asserts a single claim for negligence in this case. Under Kentucky law, a property owner, such as Defendant, must exercise reasonable care to protect invitees, such as Plaintiff, from hazardous conditions that the property owner knew about or should have discovered and the invitee could not be expected to discover. See Lanier v. Wal-Mart Stores, Inc., 99 S.W.3d 431, 432-33 (Ky.2003). The plaintiff must ultimately prove negligence on the part of the property owner. See id. at 436-37. However, to survive a motion for summary judgment, a plaintiff need only show that, “(1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer’s injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.” Martin v. Mekanhart Corp., 113 S.W.3d 95, 98 (Ky.2003). If the plaintiff can satisfy this standard, the burden shifts to the defendant to prove the absence of negligence. See Bartley v. Educ. Training Sys., Inc., 134 S.W.3d 612, 616 (Ky.2004). However, since Defendant did not attempt to prove the absence of negligence when it moved for summary judgment, only Plaintiffs prima facie case is before' us on appeal.
Kentucky courts have most often found summary judgment inappropriate where a plaintiff can point to a discrete hazard on the floor. See Dick’s Sporting Goods, Inc. v. Webb, 413 S.W.3d 891, 896 (Ky.2013) (plaintiff slipped on wet tile that appeared to be dry); Martin, 113 S.W.3d at 96-98 (plaintiff slipped on oil); Lanier, 99 S.W.3d at 433 (plaintiff slipped on spot of clear liquid that she did not notice); Lyle v. Megerle, 270 Ky. 227, 109 S.W.2d 598, 599 (1937) (plaintiff slipped on slush). Plaintiff concedes that the tile he slipped on did not appear to differ from the others covering the restaurant floor; rather, he argues that the entire floor was not in a reasonably safe condition. Defendant denigrates this position by likening this case to Jones v. Abner, 335 S.W.3d 471 (Ky.Ct.App.2011), where the plaintiff slipped in a slick hotel bathtub, but had “ ‘no idea’ why the tub was especially slick that morning.” Id. at 474. By the nature of the setting, the plaintiff had only her own experience in the tub to rely upon, plus a “speculative hypothesis that a ‘slick residue’ was left in the bathtub after it was cleaned.” Id. at 476. The case now before us differs in a key respect. Plaintiff testified under oath that he saw other people encountering difficulty walking on the restaurant floor. Plaintiff could not identify a specific individual responsible for the floor’s allegedly defective condition, but Kentucky law no longer requires this of a plaintiff on summary judgment. The restaurant manager testified that he did not see any problem with the floor, but weighing evidence is the jury’s task, not the Court’s. Plaintiffs competent testimony about others in the restaurant slipping on the floor satisfied *488 this element of his prima facie case. See Purnell v. City of Akron, 977 F.2d 582, 1992 WL 296714, at *8 (6th Cir.1992) (per curiam) (unpublished) (“Even though this [eyewitness testimony] is plaintiffs’ only evidence of excessive force and is contradicted by other evidence, it is sufficient to meet the burden for overcoming summary judgment....”); Johnson v. Brewer, No. 2010-CA-002096-MR, 2012 WL 331423, at *3-4 (Ky.Ct.App. Feb. 3, 2012) (unpublished).
The district court also held that even if Plaintiff had established the negligence element of his prima facie claim, summary judgment remained appropriate on the ground of lack of causation. However, Defendant limited its motion for summary judgment to one issue — whether Plaintiff had established that the floor was unreasonably dangerous. Plaintiff had no notice that he needed to respond to causation arguments that Defendant never bothered to make. Under these circumstances, the district court erred in granting summary judgment on this issue. See Bennett v. City of Eastpointe, 410 F.3d 810, 817 (6th Cir.2005).
CONCLUSION
For these reasons, the district court’s order granting Defendant’s motion for summary judgment is REVERSED and the case is REMANDED for trial.

. Plaintiff also appeals the district court’s denial of Plaintiffs motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Since we reverse the district court's summary judgment ruling, Plaintiff’s Rule 59(e) appeal is moot.