MAYS, District Judge,
Dissenting.
This is a negligence case. Summary judgment is proper if no reasonable jury could return a verdict for the nonmoving party. See Wasek v. Arrow Energy Servs., 682 F.3d 463, 467 (6th Cir.2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
I.
The material facts are undisputed. Plaintiffs left foot slipped a few inches on the floor of Defendant’s restaurant, and Plaintiff “tweaked” his knee. He did not fall. There was no water or debris on the floor that might have caused his “slip.”
Under Kentucky law, a business is not strictly liable for injuries on its premises. See Lanier v. Wal-Mart Stores, Inc., 99 S.W.3d 431, 432-33 (Ky.2003). To recover for an injury, a plaintiff must prove negligence on the part of the property owner. Id. at 436-37. To survive a motion for summary judgment in a premises liability case, a plaintiff must show, among other things, that “he or she had an encounter with a foreign substance or other dangerous condition on the business premises....” Martin v. Mekanhart Corp., 113 S.W.3d 95, 98 (Ky.2003).
In Jones v. Abner, the court found that the plaintiff had failed to meet her burden when she fell in a bathtub because of an invisible but slick substance. 335 S.W.3d 471, 475 (Ky.Ct.App.2011). Offering only a “speculative hypothesis that a ‘slick residue’ was left in the bathtub after it was cleaned ... does not satisfy our standards for summary judgment.” Id. at 476.
Plaintiff admits “that no water or other substance had puddled on the floor, [that] nothing differentiated the tile on which he slipped from the tiles on the rest of the floor, and [that] no other objects rested on the floor that could have caused his slip.” Those admissions establish that there is no breach of duty and that summary judgment is appropriate. See, e.g., Martin, 113 S.W.3d at 98.
II.
The district court also correctly granted summary judgment for lack of causation. On a motion for summary judgment, a *489 plaintiff must show that a foreign substance or unreasonably dangerous condition was a “substantial factor in causing ... the customer’s injuries!)]” Id. There is no evidence of causation in the record. Plaintiff testified that his left foot slid a few inches on the floor and his knee “tweaked out of place.” Plaintiff never fell. Two months later, a scan revealed a torn ligament in his left knee. Two years later, Plaintiff had surgery to repair his ligament. No reasonable jury could conclude that an invisible slick substance on a restaurant floor and a slip of a few inches were a “substantial factor” in tearing Plaintiffs knee ligament. Martin, 113 S.W.3d at 98.
III.
The issue of causation was squarely before the district court, and Plaintiff was on notice that he would have to defend on that issue. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Defendant moved for summary judgment on Plaintiffs cause of action for negligence. (ECF No. 25-1 at 1, 5.) Defendant specifically raised the element of causation, and Plaintiff demonstrated that he had actual notice of his obligation to establish that element. In its motion, Defendant stated that, “[t]o succeed on a claim for negligence, a claimant must establish the existence of ... a causal connection between breach and the injuries suffered.” (ECF No. 25-1 at 5 (emphasis added).) Defendant concluded that “Plaintiff has failed to develop any proof that an unreasonably dangerous condition caused his alleged injury....” (Id. at 8 (emphasis added).) Plaintiffs response recognized his obligation to establish causation, acknowledging that he had the burden to show that Defendant’s breach “was a substantial factor in causing the accident and the customer’s injuries.... ” (Def. Resp., ECF No. 26 at 5 (emphasis added).) Plaintiff had notice that he needed to respond to Defendant’s causation arguments and to show causation.
Bennett v. City of Eastpointe, 410 F.3d 810, 817 (6th Cir.2005), is not to the contrary. Bennett addresses lack of notice when a court grants summary judgment sua sponte. See id. Summary judgment was inappropriate in Bennett because “nothing gave the plaintiffs any notice that they would be forced to defend against a nonexistent motion....” Id. Here, Defendant moved for summary judgment on Plaintiffs cause of action for negligence.
IV.
On a properly stated motion for summary judgment, express notice on each element is not required. Under Supreme Court precedent, “the burden on the moving party may be discharged by ‘showing’ — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party’s case.” Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548; accord Peterson v. Johnson, 714 F.3d 905, 910 (6th Cir.2013). On that showing, the burden shifts to the nonmov-ing party to establish a genuine dispute on each element. Celotex Corp., 477 U.S. at 322, 106 S.Ct. 2548. If the nonmoving party fails to do so, a district court does not simply have the authority to grant summary judgment, “Rule 56(c) mandates entry of summary judgment.” Id. (emphasis added).
Defendant made the required showing. The nine-page memorandum supporting Defendant’s motion cited ten specific admissions by Plaintiff that established a lack of evidence for his cause of action, stated clearly the standard for summary judgment, and argued concisely that no reasonable jury could find in Plaintiffs *490 favor. That “showing” of an absence of evidence shifted the burden to Plaintiff to establish each element. See Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548. To require more would undermine the traditional authority of courts to grant summary judgment in meritless cases. Id, at 322, 106 S.Ct. 2548.
V.
Plaintiff has waived any argument that the district court erred in granting summary judgment on causation because Plaintiff lacked notice. Plaintiff does not argue that the district court should not have decided causation or that Plaintiff lacked notice that the issue was before the court. Plaintiff argues that the district court decided the issue incorrectly. Plaintiffs contention is that he has established every element of a prima facie case of negligence under Kentucky law.
Under our precedent, an appellant waives an issue when he fails to present it in his initial briefs before the court. Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 462 (6th Cir.2003). Only in an exceptional case would the court raise a waived issue sua sponte. In re Morris, 260 F.3d 654, 664 (6th Cir.2001). This slip case is in no way exceptional.
VI.
There is no breach of duty. There is no causation. There is no negligence. No reasonable jury could return a verdict for Plaintiff. I respectfully dissent.