RENDERED: FEBRUARY 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0822-MR

STACY FESTERVAN,                                        APPELLANT
ADMINISTRATOR OF THE ESTATE
OF NANCY FESTERVAN


                    APPEAL FROM NELSON CIRCUIT COURT
v.              HONORABLE CHARLES C. SIMMS, III, JUDGE
                    ACTION NO. 18-CI-00369


THE KROGER CO.; AND BTCT, INC.                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CALDWELL AND COMBS, JUDGES.

COMBS, JUDGE: This is a premises liability case in the context of a wrongful

death action. The trial court granted Appellees' motion for summary judgment

because Appellant failed to offer any proof of how the accident occurred. Finding

no error after our review, we affirm.

On July 26, 2018, Appellant, Stacy Festervan, Administrator of the Estate of Nancy Festervan, filed a Complaint in Nelson Circuit Court pursuant to the survival of action statute, KRS[1] 411.140, and the wrongful death statute, KRS 411.130, against Appellees, the Kroger Co. and BTCT,[2] Inc. Appellant alleged that on December 7, 2017, the decedent, Nancy Festervan, "was operating a motorized scooter, provided by [Appellee] Kroger through a parking lot on property" owned and operated by Appellee BTCT. He also alleged that Nancy "encountered an obstacle, or defect, and turned over spilling [her] onto the parking lot, which caused her to break her hip and her untimely death."

On April 7, 2020, Kroger filed a Motion for Summary Judgment. In its supporting Memorandum, Kroger asserted that the lawsuit was based upon a "conclusory assumption that some unidentified hazard" on the premises caused the decedent to fall off the motorized shopping cart. "However, there is no evidence to determine what caused her to fall—no witnesses, photographs or videos."[3] Stacy Festervan explained that the decedent, Nancy Festervan, who was 77 years of age

---

[1] Kentucky Revised Statutes.

[2] We refer to Appellees collectively throughout this Opinion as "Kroger."

[3] Stacy Festervan testified by deposition on July 25, 2019, that to the best of his knowledge, there were no witnesses as to what happened. Of the witnesses he identified, none of them was present, none witnessed the fall, and none had photos or videos of the incident. (Festervan deposition, pp. 69, 83.)

at the time, had been driven to Kroger by a friend. The weather was dry and sunny. While grocery shopping, Ms. Festervan had used a motorized shopping cart. She left the Kroger store in the cart and drove it down the sidewalk of the strip mall.

Todd Anderson, a Kroger employee, saw her sitting in the cart parked on the sidewalk outside of Sun Tan City. Mr. Anderson assumed that she was waiting for someone to pick her up. According to Kroger's Memorandum,

> [w]hat happened next is unknown. It is undisputed that
> Ms. Festervan fell from the Cart. Indeed, moments after
> Mr. Anderson observed Ms. Festervan parked in the Cart,
> he heard her cry out. . . . However, there is no evidence
> to establish what caused Ms. Festervan to fall.

(Footnote omitted.) Kroger argued that Festervan relied on the theory that the curb of the sidewalk had caused Nancy to fall. However, Kroger contended that the hypothesis was wholly unsupported by any facts and that it was mere speculation incapable of surviving summary judgment. Kroger also noted that the motorized carts displayed prominent warning signs that they should not be taken outside the store and that they were intended for indoor use only.

On the contrary, Festervan asserted that the dangerous condition resulted from the use of the electric motorized scooter outside of the store. He argued as follows:

> Absent the cart being utilized outside of the store,
> this incident never occurs . . . by allowing the carts to be

used outside of the store itself, the Defendants have created a condition that is not reasonably safe for business invitees.

While he did not contend that the sidewalk itself was defective, Festervan testified in his deposition that the very fact of the use of the carts outside was hazardous, that the only way that they could be safely utilized outdoors would be for all parts of the sidewalks to slope, and that the failure to provide such sloping created a hazard for business invitees.

Festervan also argued that there was no "definitive proof" that the warning signs on the carts were present on the date of the accident. He contended that it was reasonable to believe that Nancy had not been properly warned of the hazard associated with taking the cart outside because not all carts have the warnings. He also noted that store management was unaware of a prohibition against taking the cart outside to the parking lot.

In reply, Kroger reiterated that there was no evidence to show what caused Nancy's fall and argued that Appellant essentially was asking the court to pile inference upon inference. Kroger asserted that because Nancy was seen parked on the sidewalk moments before she fell, it was "easier to infer" that she may have lost her balance, fallen asleep, or fainted in light of her documented medical history -- alluding to a prior emergency room visit where she had passed out at Walmart when "[s]he was just sitting at the time, riding in a cart."

On June 19, 2020, the trial court entered Summary Judgment in favor

of Kroger as follows in relevant part:

> [T]here is no witness or video to explain how Festervan was injured. Instead, the plaintiff alleges that Festervan "attempted to negotiate a turn and the wheels of her cart fell from the edge of the sidewalk." In contrast, the defendants suggest that Festervan likely lost her balance after falling asleep or passing out due to her compromised health. To support that contention, the defendants have proffered Festervan's medical records which include a notation of her previously losing consciousness while sitting in another motorized cart.
>
> The parties also spend a lot of time arguing about some warning signs on some of the Kroger carts. Some of these carts have language in big, red, all-capped lettering which states "PLEASE READ TO AVOID PERSONAL INJURY" and "USE AT YOUR OWN RISK!" The warnings further advise "INTENDED FOR USE INDOORS ON LEVEL SURFACE ONLY!" Finally, it instructs "DO NOT TAKE THIS CART OUTSIDE THE STORE." However, there is apparently a number of motorized carts on the Kroger premises without these warnings, and there has been no testimony as to whether Festervan's cart contained such language.
>
> **In order to create a rebuttable presumption sufficient to defeat a motion for summary judgment, the parties agree that the plaintiff is required to show that "she had an encounter with a foreign substance or other dangerous condition on the business premises."** ***Martin vs. Mekanhart Corp.,*** **113 S.W.3d 95, 98 (Ky. 2003). The plaintiff then contends that the allowance of motorized carts outside of the Kroger store created a dangerous condition.** If Kroger is going to allow carts to be used outside, the plaintiff asserts that "the whole storefront should be curbed to where it slopes down to where these things cannot flip."

Instead, the only sloping is in front of the entryways/exits of the Kroger store.

This Court certainly agrees that it is dangerous for a motorized cart to be operated on an unlevel surface. However, this Court does not believe that it is a "dangerous condition" for a customer to exit the grocery store on the cart, drive down the sloped area, and then ride to his or her parked vehicle. In fact the depositions herein establish that a number of customers commonly proceed in this fashion, and that no other similar accidents have occurred. In addition, this Court does not believe that it was dangerous for Festervan to be parked about a foot from the curb as she waited for her ride.

**The downfall with the plaintiff's case is her inability to provide any proof of an actual encounter with the "dangerous condition on the business premises." As grounds, there is no witness or video to substantiate that Festervan "attempted to negotiate a turn and the wheels of her cart fell from the edge of the sidewalk." Instead, the plaintiff is simply speculating as to how this accident occurred** while the defendants are likewise speculating that Festervan lost her balance after falling asleep or passing out due to her Addison's Disease.

It is well-settled that a party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings. *Continental Casualty Co. vs. Belknap Hardware & Mfg. Co.*, 281 S.W.2d 914, 916 (Ky. 1955). "[S]peculation and supposition are insufficient to justify a submission of a case to the jury, and . . . the question should be taken from the jury when the evidence is so unsatisfactory as to require a resort to surmise and speculation." *O'Bryan vs. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (citation omitted). "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears it would be impossible for the respondent to

produce evidence at trial warranting a judgment in his favor." *Steelvest, Inc. vs. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

(Uppercase emphases original, boldface emphases added.)

On June 24, 2020, Appellant filed a Notice of Appeal to this Court.

> The standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rules of Civil Procedure 56.03). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). Consequently, summary judgment should be cautiously applied and is not a substitute for a trial. It is appropriate only when it appears, as a matter of law, that it would be impossible for the respondent to produce evidence at trial warranting a favorable judgment. *Id.*

*Carney v. Galt*, 517 S.W.3d 507, 509 (Ky. App. 2017).

Festervan raises the following arguments on appeal: (1) that Appellees failed to properly warn of an impending hazard created by the use of carts outside the store; (2) that allowance of motorized carts outside the store created the dangerous condition; (3) that the warnings were absent or ineffective and that it is not reasonable to assume that the decedent could not take the electric carts outside the store; (4) that an open-and-obvious argument is not a factor; and (5) that the trial court erred in substituting its judgment for that of a jury.

-7-

The tort of negligence is well established in Kentucky. "In any negligence action under Kentucky law, a plaintiff must prove the existence of a duty, breach thereof, causation, and damages." *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. App. 2009). In *Jones v. Abner*, 335 S.W.3d 471 (Ky. App. 2011), this Court held as follows:

> [I]n order to create a rebuttable presumption sufficient to defeat Appellee's motion for summary judgment, Appellant was required to show that:
>
> > (1) . . . she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Id.* at 475 (quoting *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003)).

In the case before us, the trial court granted Kroger's motion for summary judgment because Festervan failed to provide any proof on an essential element of his claim -- an actual encounter with a dangerous condition on the business premises that caused the injury. Instead, he simply speculated as to how the accident might have occurred.

> It is well established that a party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings. *Continental Casualty Co. v. Belknap Hardware & Manufacturing Co.*, 281

S.W.2d 914 (Ky. 1955). "[S]peculation and supposition are insufficient to justify a submission of a case to the jury, and . . . the question should be taken from the jury when the evidence is so unsatisfactory as to resort to surmise and speculation." *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (citing *Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951)). "'Belief' is not evidence and does not create an issue of material fact." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990)[.]

*Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 124 (Ky. App. 2012).

We have reviewed the record in this case in a light most favorable to Festervan. Resolving all doubts in his favor, we are compelled to agree with the conclusion of the trial court. *Klinglesmith v. Estate of Pottinger*, 445 S.W.3d 565, 569 (Ky. App. 2014) (Summary judgment was proper where plaintiff did not know why she fell. "Klinglesmith could not prove the essential element of causation if the matter proceeded to trial; therefore, we find no basis for reversing the Order on appeal.").

The total absence of any proof of causation renders moot all other arguments raised on appeal. Accordingly, we AFFIRM the Summary Judgment of the Nelson Circuit Court entered on June 19, 2020.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

M. Keith Poynter                        M. Trent Spurlock
Louisville, Kentucky                    Stephen J. Mattingly
                                        Felix H. Sharpe, II
                                        Louisville, Kentucky