RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0715-MR

ROBIN CLARK AND PATRICK
CLARK                                                                                APPELLANTS


                        APPEAL FROM HARDIN CIRCUIT COURT
v.                      HONORABLE JOHN D. SIMCOE, JUDGE
                        ACTION NO. 23-CI-00799


TRACTOR SUPPLY COMPANY AND
EXCHANGERIGHT REAL ESTATE,
LLC                                                                                  APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE:  This is an appeal from the dismissal of a personal injury action

arising from a customer's fall in the Tractor Supply parking lot in Elizabethtown.

Robin Clark and her husband, Patrick Clark, challenge the summary judgment of

the Hardin Circuit Court entered in favor of Tractor Supply Company and

ExchangeRight Real Estate, LLC (referred to collectively as TSC). After our review, we affirm.

During daylight hours on May 27, 2022, Robin and Patrick Clark drove to Tractor Supply to pick up fencing materials that they had purchased online. They parked their vehicle in the paved lot, and Robin got out, entered the store, and approached the service desk to inquire about her online order. She was told that the order had been pulled and that the fencing was ready to be loaded into the Clarks' vehicle. Robin then inquired about a gate that she was also interested in purchasing. After reviewing an advertisement that Robin displayed on her cell phone and agreeing to match the price, a Tractor Supply employee helped Robin locate the gate she wanted. The employee gave her a slip to show the clerk at the register so that she could pay for the gate while it also was being loaded into her vehicle.

After paying for the gate, Robin exited the store by way of the same door she had used to enter just minutes earlier. She walked toward her vehicle and spoke with Patrick and learned that both the fencing and the gate had been loaded. Robin turned back toward the store as a Tractor Supply employee approached to tell her that the gate had already been loaded.

Robin testified in her deposition that although their business had concluded, the Tractor Supply employee called her name as she walked toward her

van. She indicated that this call distracted her from considering the concrete parking bumper (or wheel stop) at the front of her vehicle -- causing her to trip and fall.

The Clarks filed a premises liability action against TSC seeking damages for negligence. Following discovery, TSC filed a motion for summary judgment claiming that it was entitled to judgment as a matter of law. It cited Robin's deposition testimony in which she admitted that she was familiar with the premises (specifically including the concrete wheel stops) from her numerous visits to Tractor Supply; that she was aware that the nature of the wheel stop required her to take care for her own safety; and that although she walked past the wheel stop in front of her van on her way to the store's entrance, she tripped over it just minutes later. TSC contended that it was not reasonable for it to foresee that a customer's attention would be diverted in the parking lot to such a degree that she could not be expected to take care for her own safety. The circuit court agreed, and in an order entered on May 13, 2025, it granted TSC's motion for summary judgement.

In its decision, the circuit court noted that Robin was familiar with the premises -- including the concrete wheel stops. It concluded that the wheel stop in front of her vehicle was not defective; that it was open and obvious to customers; and that Robin was, in fact, aware of both the wheel stop in front of her van and

the danger that it posed if she failed to take care. The court concluded that there was no support for the assertion that Tractor Supply failed to exercise reasonable care for its customer's safety. It determined that no reasonable person could find that Tractor Supply should have foreseen that a customer's attention would be diverted by brief interaction with an employee to such an extent that she would forget about the wheel stop and fail to protect herself from harm by watching where she was walking. This appeal followed.

Summary judgment is appropriate where it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in her favor. *Huddleston v. Hughes*, 843 S.W.2d 901, 903 (Ky. App. 1992). Upon our review, we must determine whether the trial court correctly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002), Kentucky Rules of Civil Procedure (CR) 56.03. We do not defer to the trial court's conclusions of law. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378, 381 (Ky. 1992). Instead, we conduct our review *de novo*. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

The concept of premises liability presumes negligence. *Lucas v. Gateway Community Services Organization, Inc.*, 343 S.W.3d 341, 343 (Ky. App. 2011). In order to state a cause of action for negligence, the plaintiff must

-4-

establish: the defendant's duty of care; a breach of that duty; and a causal connection between the breach and the injury suffered by the plaintiff. *Shelton v. Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 906 (Ky. 2003).

A possessor of retail premises has a duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn invitees of dangers that are hidden, unknown, or not obvious. *McKinley v. Circle K*, 435 S.W.3d 77 (Ky. App. 2014). An unreasonably dangerous condition exists where a reasonable person in similar circumstances recognizes a risk that should be avoided or minimized or one that is "in fact recognized as such by the particular defendant." *City of Barbourville v. Hoskins*, 655 S.W.3d 137, 141 (Ky. 2022) (citing *Shelton*, *supra*, at 914 (citing DOBBS, THE LAW OF TORTS § 143, p. 335 (2001))). One indication that a risk is not deemed to be unreasonable is that "a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." *Id.*

At common law, conditions on premises could not be viewed as unreasonably dangerous where they were "known to the visitor or so obvious to him that he may be expected to discover them." *Id.* (citing *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 528 (Ky. 1969)). The term "obvious" has been defined to mean "that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment." *Bonn*, *supra*, at 529. Where conditions on the

property were not unreasonably dangerous, there could be no liability. *City of Barbourville*, 655 S.W.3d at 142. Whether an unreasonably dangerous condition existed is generally a question of fact to be presented to the jury. However, where there is no question of material fact as to whether an unreasonably dangerous condition existed on the premises, summary judgment can be granted. *Id.* at 141.

In this case, the trial court determined that no reasonable jury could conclude that the concrete wheel stop was unreasonably dangerous. The hazard was open and obvious. Robin was aware of the existence of the wheel stop, its placement, and its purpose. There was no suggestion that the wheel stop was defective or that it was negligently placed or maintained. The trial court did not err by deciding -- as a matter of law -- that the wheel stop did not pose an unreasonably dangerous condition on the premises. However, the analysis does not end there.

At common law, a possessor of land could not be held liable for injury to an invitee caused by an open and obvious hazard. But under a comparative fault analysis, the existence of such a hazard is no longer an absolute bar to recovery. *City of Barbourville*, 655 S.W.3d at 142. In *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010), the Supreme Court of Kentucky adopted a policy described in the RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965) regarding open and obvious conditions. The Court held that a possessor of

-6-

land is not generally liable to his invitees for physical harm caused by a condition on the land where the potential danger is known or obvious, ***unless*** the possessor of the land should anticipate harm despite the invitees' knowledge and/or their attention to the open and obvious nature of the hazard. *See McIntosh*, 319 S.W.3d at 389-90. For instance, despite the fact that a hazard is known or open and obvious, where an invitee's attention to her safety could be expected to be distracted, a possessor of land might have a duty to anticipate injury. *Id.* Where a possessor of land could reasonably foresee injury -- but failed to take reasonable precautions to prevent the harm, he could be held liable. *Id.* at 392.

*Mcintosh* is particularly instructive and helpful to our analysis. In that case, a paramedic was injured when she tripped over an unmarked curb as she rushed a critically ill patient into the emergency room. Although the paramedic had successfully navigated this entrance hundreds of times before, the Court held that the injury was reasonably foreseeable because "[t]he Hospital had good reason to expect that a paramedic, such as McIntosh, would be distracted as she approached the emergency room entrance." *Id.* at 393.

Similarly, in *Jones v. Abner*, 335 S.W.3d 471 (Ky. App. 2011), we affirmed a summary judgment in favor of a hotel after a guest slipped and fell in the shower. We held that "while an invitee has a right to assume that the premises . . . are reasonably safe . . . this does not relieve him of the duty to exercise

-7-

ordinary care for his own safety, nor does it license him to walk blindly into dangers that are obvious, known to him, or would be anticipated by one of ordinary prudence." *Id*. at 477 (internal quotation marks omitted) (quoting *Rogers v. Professional Golfers Ass'n of America*, 28 S.W .3d 869, 872 (Ky. App. 2000)).

And, again, in *Lucas*, 343 S.W.3d 341, we affirmed the trial court's summary judgment. We held that a transition in a parking lot surface from blacktop to gravel was an open and obvious condition and that the principles established in *McIntosh* did not apply because the plaintiff walking to her car "was not distracted by some outside force . . . [or] acting under time-sensitive or stressful circumstances." *Id.* at 346.

Robin argues that even where the concrete wheel stop was open and obvious, TSC is liable because its employee diverted her attention from the hazard. She concludes that the case should have been submitted to the jury for determination of the foreseeability of her injury and an apportionment of fault to TSC based on its negligence. We disagree.

Robin correctly observes that the foreseeability of a plaintiff's injury generally presents a question of fact for the jury. *City of Barbourville*, 655 S.W.3d at 142. However, questions of the landowner's breach may properly be decided by summary judgment where a hazard "cannot be corrected by any means or when it

is beyond dispute that the landowner had done all that was reasonable." *Id.* (citing *Carter v. Bullitt Host., LLC*, 471 S.W.3d 288, 297 (Ky. 2015)).

Robin provided no evidence to suggest that TSC had any reason to expect that a customer taking reasonable care for her own safety at its store would become so distracted (in this case, by a brief conversation) that she would fail to remember either the location of the wheel stop or the obvious danger it could pose to pedestrians. In light of the nature of Tractor Supply's business and the quality of TSC's parking lot, the trial court did not err by concluding that no reasonable jury could find that Robin's injury was foreseeable so as to create a duty that TSC should have done more to prevent her from tripping over the wheel stop and falling. Nor are we persuaded by Robin's belief that the retail employee's brief conversation with her -- in and of itself -- presented such an unreasonable risk that she would be unable to take care for her own safety and to watch where she was walking.

TSC had no duty to take action to minimize or eliminate every hazard that she might encounter in or around its premises. In short, TSC was not an absolute insurer of her safety for which she alone had responsibility.

We affirm the summary judgment of the Hardin Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANTS:

Edward L. Lasley
Louisville, Kentucky

BRIEF FOR APPELLEES:

Kyle S. Hall
Lauren C. Thompson
Lexington, Kentucky